Filed 2/25/14  P. v. Quijas CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B247395 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA401090) |
| v. | |
| ALFREDO QUIJAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anne H. Egerton, Judge.  Affirmed.

Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.

The jury convicted defendant and appellant Alfredo Quijas of two firearm offenses: (1) unlawful firearm activity in violation of Penal Code section 29805 (count 1); and (2) carrying a loaded handgun in violation of section 25850, subdivision (a) (count 2).[1] As to count 2, the jury found true the allegation that defendant was not the registered owner of the handgun, which made the offense punishable as either a felony or a misdemeanor.[2] (§ 25850, subd. (c)(6).)[3]

On count 1, the principal offense, the court imposed the low term of 16 months. On count 2, the court imposed a felony sentence of 16 months, which was stayed under section 654.

On appeal, defendant contends that because the evidence failed to show the gun was not registered to him, his sentence on count 2 must be reduced to that of a misdemeanor under section 25850, subdivision (c)(7).[4] We conclude, however, that the jury's finding was supported by substantial evidence, and we therefore affirm.

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     On count 3, the jury acquitted defendant of resisting a police officer in violation of section 69, a felony, but convicted him of the lesser included offense of resisting a police officer in violation of section 148, subdivision (a)(1), a misdemeanor. Defendant received a 365-day sentence on count 3, to be served concurrently with the sentence on count 1. Because defendant received 432 custody credits (216 days actual custody; 216 days conduct credit), he was given time served on count 3.

[3]     "Where the person is not listed with the Department of Justice pursuant to Section 11106 as the registered owner of the handgun, [the offense is punishable] by imprisonment pursuant to subdivision (h) of Section 1170, or by imprisonment in a county jail not to exceed one year, or by a fine not to exceed one thousand dollars ($1,000), or both that fine and imprisonment." (§ 25850, subd. (c)(6).)

[4]     "In all cases other than those specified in paragraphs (1) to (6), inclusive, [the offense is] punishable by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine." (§ 25850, subd. (c)(7).)

## BACKGROUND

Defendant does not challenge his conviction of section 29805 (count 1), which prohibits persons with certain misdemeanor convictions from owning, possessing, or carrying a firearm for a 10-year period following the conviction.[5] Defendant also does not challenge his conviction of section 25850, subdivision (a) (count 2), which prohibits the carrying of a loaded firearm in public. The sole issue on appeal is whether the felony sentence on count 2 was supported by substantial evidence that the handgun was not registered to defendant. Defendant contends the prosecution's evidence regarding handgun registration—a three-page printout of a California Law Enforcement Telecommunications System (CLETS) computer search (exhibit 9)—was insufficient to show that the weapon was not registered to him.

At trial, the prosecution elicited the testimony of Los Angeles Police Department Officer Melissa Angert that a handgun with serial number 967086 was found at the scene of defendant's arrest. The prosecutor then stated, "I have a three-page certified document pertaining to that handgun. If I could have that marked as People's 9?" The prosecution presented no live testimony concerning exhibit 9, which was admitted into evidence without objection.

Page one of exhibit 9 contained the gun's serial number ("967086") and included the following statements: "DATA IN APPS. [¶] NO HITS FOUND." "NOTICE: A 'NO HITS' RESPONSE IN APPS INDICATES THE SUBJECT IS NOT CURRENTLY LISTED IN THE DATABASE." Page two contained the gun's serial number ("967086") and the defendant's name ("Quijas, Alfredo"). Page 3 contained the following notation: "No Record SER/967086." It also contained the following signed and dated certification: "I, Maria Carranza, an employee of the Los Angeles County District Attorney's Office, hereby do certify that on this date I accessed the California

---

[5]     The jury was instructed pursuant to the parties' stipulation that defendant had suffered a qualifying misdemeanor conviction that prohibited him from possessing a firearm for 10 years.

Law Enforcement Telecommunications System (CLETS) through the computer terminal in the Central Priors Unit of the Los Angeles District Attorney's Office. I entered Serial 967086 obtained from the Police Data Worksheet and received the attached printout from CLETS. [¶] I further certify that the attached is a true and original document received from the CLETS system by the District Attorney's Central Priors Unit."

The trial court instructed the jury that all exhibits had been admitted into evidence and could be considered, along with all other admissible evidence, in reaching its decision. As to the allegation in count 2 that the gun was not registered to defendant, the trial court instructed the jury: "If you find the defendant guilty of unlawfully carrying a loaded firearm under count 2, you must then decide whether the People have proved the additional allegation that the defendant was not the registered owner of the firearm. To prove this allegation, the People must prove that the defendant is not listed with the Department of Justice as the registered owner of the firearm."

In his closing argument, the prosecutor cited exhibit 9 as evidence that the handgun was unregistered, which meant that the handgun could not have been registered to defendant. The prosecutor stated in relevant part: "I know it's a lot of legal details, but, basically, count 1 and count 2 have to do with a firearm. They're two different counts. The first one is that a person, because they have a certain conviction, cannot be in possession — can never be in legal possession of a firearm. So that's, you know, unlawful firearm activity. As you've already heard, the lawyers have agreed that the defendant has a qualifying misdemeanor conviction. We are not arguing about that and you have to accept that as a fact. So the only thing you have to decide is whether or not he actually had a gun and, in count two, you have to decide whether or not he had a loaded gun that was not registered to him, a similar type of offense. It's a little technical difference and you have some documentation in your exhibits, exhibit number 9, I believe, that shows that the serial number that was specific to this firearm — that this gun is not a registered handgun, therefore, it cannot be registered to the defendant. That is also something, I believe, that counsel will not contend. So those are some technical things."

4

In her closing argument, defense counsel did not refer to the gun registration issue. Defense counsel argued that defendant should be acquitted of counts 1 and 2 because he had nothing to do with the gun in question. Defense counsel sought to discredit the testimony of Officer Bryan Schilling—"the only officer who saw Mr. Quijas with a gun" and the "only officer who found the gun"—as unreliable and "not honest . . . in a couple of areas." Defense counsel stated that because the entire case turned on Officer Schilling's credibility, "you have to really question whether what's coming from him is trustworthy and reliable."

Pursuant to the parties' stipulation, the exhibits and jury instructions were sent into the jury room during deliberations. The jury returned guilty verdicts on counts 1 and 2 and found true the allegation in count 2 that the gun was not registered to defendant. The jury acquitted defendant of the charged offense in count 3, but convicted him of a lesser included offense of resisting a police officer, a misdemeanor. The court entered judgment and this timely appeal followed.

## DISCUSSION

Defendant contends that because the evidence was insufficient to support the jury's finding in count 2 that the gun was not registered to him, his sentence on count 2 must be reduced to that of a misdemeanor. For the reasons that follow, we disagree.

### I. Standard of Review

"""""The standard of review is well settled: On appeal, we review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible and of solid value— from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] '"[I]f the verdict is supported by substantial evidence, we must accord due deference to the trier of fact and not substitute our evaluation of a witness's credibility for that of the fact finder."' [Citation.] 'The standard of review is the same in

cases in which the People rely mainly on circumstantial evidence. [Citation.] "Although it is the duty of the [finder of fact] to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the [finder of fact], not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt.""" [Citation.]

"""An appellate court must accept logical inferences that the [finder of fact] might have drawn from the circumstantial evidence." [Citation.] "Before the judgment of the trial court can be set aside for the insufficiency of the evidence, it must clearly appear that on no hypothesis whatever is there sufficient substantial evidence to support the verdict of the [finder of fact].""" [Citation.]" (*People v. Hamlin* (2009) 170 Cal.App.4th 1412, 1426.)

## II. Exhibit 9, Which Was Admitted Without Objection, Supports a Reasonable Finding That the Gun Was Not Registered to Defendant

The record indicates that because defendant was denying ownership and possession of the handgun, he was not seriously disputing the allegation in count 2 that the handgun was not registered to him. This is not surprising given the stipulation that as a result of his prior misdemeanor conviction, defendant could not lawfully possess a firearm for 10 years. His prior misdemeanor conviction coupled with his denial of the present firearm possession charges made it unlikely that defense counsel would want to cast doubt on her client's defense by objecting to the prosecution's evidence that the gun was not registered to him. (See, e.g., *Melendez-Diaz v. Massachusetts* (2009) 557 U.S. 305, 328 ["It is unlikely that defense counsel will insist on live testimony whose effect will be merely to highlight rather than cast doubt upon the forensic analysis. Nor will defense attorneys want to antagonize the judge or jury by wasting their time with the appearance of a witness whose testimony defense counsel does not intend to rebut in any fashion."].)

Because exhibit 9 was admitted without objection, the prosecutor was free to argue that the exhibit proved that the handgun was not registered to anyone and,

6

therefore, could not have been registered to defendant.  Based on our examination of exhibit 9, we believe the prosecutor's argument provided a valid interpretation of the document that the jury was free to accept or reject as it saw fit.  We therefore reject defendant's claim of insufficient evidence.

Finally, we note there is a rule of convenience and necessity that, although not addressed by the parties, supports the finding that the handgun was not registered to defendant.  As explained in *People v. Mower* (2002) 28 Cal.4th 457, 477, "[t]he rule of convenience and necessity declares that, unless it is 'unduly harsh or unfair,' the 'burden of proving an exonerating fact may be imposed on a defendant if its existence is "peculiarly" within his personal knowledge and proof of its nonexistence by the prosecution would be relatively difficult or inconvenient.'  [Citations.]"  (See *People v. Boo Doo Hong* (1898) 122 Cal. 606 [rule was applied to affirm the defendant's conviction of practicing medicine without a license, notwithstanding the absence of any evidence that the defendant was unlicensed]; 5 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Criminal Trial, § 525, pp. 749-750.)

In this case, we need not rely on the rule of convenience and necessity because, as previously discussed, the prosecution presented substantial evidence that the gun was not registered.  We reject defendant's remaining contentions, which are based on the identical claim of insufficient evidence, for the reasons stated above.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON,J.*

We concur:

EPSTEIN, P. J.

MANELLA, J.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8